IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MARILYN CROWLEY** | * |
| | * |
| **v.** | * |
| | *    **Civil No JKS 08-3427** |
| **PINEBROOK, INC.** | * |
| | * |

**MEMORANDUM OPINION**

Plaintiff Marilyn Crowley filed this action against her employer, Pinebrook, Inc., making a general allegation of employment discrimination based on "gender, age, and/or national origin," (Count I), wrongful discharge in violation of Maryland's public policy against employment discrimination, (Count II), a violation of the Jury Systems Improvement Act, 28 U.S.C. §1875(a), (Count III), and intentional infliction of emotional distress (Count IV). ECF No. 9. Pursuant to consent of the parties, ECF No. 20, this case was referred to me for all further proceedings. ECF No. 21. Presently pending is Defendant's motion for summary judgment. ECF Nos. 31, 33, 34. No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Defendant's motion for summary judgment will be granted.[1]

**I.      Background.**

The following facts are either undisputed or are construed in the light most favorable to Crowley. Crowley was employed by Pinebrook from February 13, 2006, through September 8, 2006, as an Executive Assistant/Office Administrator. She served on a Federal jury from June 6, 2006, through approximately August 31, 2006, and worked in Pinebrook's office one day per week during that time. Pinebrook terminated Crowley's employment on September 8, 2006.

---

[1] In light of this ruling, Defendant's motion to strike Plaintiff's response, ECF No. 36, will be denied as moot.

On September 26, 2008, Crowley received a right to sue letter from the EEOC. ECF No. 1. She timely filed this complaint on December 19, 2008. *Id.*

## II.	Standard of Review.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962). The burden is on the moving party to demonstrate the absence of any genuine issue of material fact. *Pulliam Invest. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). A moving party who will not have the burden of proof at trial need only point to the insufficiency of the other side's evidence, thereby shifting the burden of raising a genuine issue of fact by substantial evidence to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A party who will have the burden of proof at trial, on the other hand, must make a showing sufficient to establish the existence of the essential elements of its claim or defense. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). To defeat the motion, the party opposing summary judgment must submit evidentiary materials showing facts on the basis of which the finder of fact could reasonably decide the case in its favor. *Anderson*, 477 U.S. at 252. If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. *Id.*

**III.    Discussion.**

    **A.  Employment discrimination.**

A plaintiff may establish a claim of employment discrimination "through direct or circumstantial evidence" that her protected status "motivated the employer's adverse employment decision." *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004).  Since Crowley has not provided any direct evidence that her protected status motivated Pinebrook's decision to terminate her, the court must evaluate her discrimination claims under the *McDonnell Douglas* burden-shifting analysis for circumstantial evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under this framework, the plaintiff has the initial burden of establishing a prima facie case of discrimination. *Id.* at 802.  If the plaintiff meets this initial burden, the burden then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's" termination.  *Id.*; *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000).  If the employer meets this burden, the plaintiff is "afforded the opportunity to prove by a preponderance of evidence that the legitimate reasons offered by the defendant were not its true reasons, but were pretext for discrimination." *Id.* at 143.

To satisfy her initial burden, Crowley must establish each of the four elements of a prima facie case by a preponderance of the evidence.  *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 513 (4th Cir. 2006).  Specifically, she must show that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she was performing her job duties at a level that met the employer's legitimate expectations at the time of the adverse employment action, and (4) her position remained open or was filed by a similarly qualified applicant outside the protected class. *Baqui v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006) (citing *Hill*, 354 F.3d at 285).  Pinebrook

claims that Crowley has not shown that she was performing her job duties at a level that met Pinebrook's legitimate expectations.

When assessing whether a plaintiff has met her employer's legitimate expectations, a court must examine the plaintiff's evidence independent of the nondiscriminatory reason for the plaintiff's termination produced by the defense. *Glunt v. GES Exposition Serv., Inc.*, 123 F. Supp. 2d 847, 865 (D. Md. 2000) (citing *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 660–61 (6th Cir. 2000)). While the plaintiff's burden is not meant to be prohibitive or onerous, and should not be applied too strictly for fear of dismissing an otherwise meritorious claim, *Warch*, 435 F.3d at 515–16, it is nevertheless an evidentiary burden which must be satisfied for the case to proceed.

Crowley presents no evidence that she was meeting Pinebrook's legitimate expectations. Instead, she presents evidence attacking the credibility of Pinebrook's explanation for her termination. However, the credibility of Pinebrook's explanation is not relevant to the question whether a prima facie case has been created. Pinebrook is not even required to explain its decision to terminate Crowley until *after* she has made out a prima facie case. Crowley's failure to present any evidence that she was meeting Pinebrook's legitimate expectations means that there is no prima facie case of discrimination and Pinebrook is entitled to summary judgment as to all of the discrimination claims.

**B. Wrongful Discharge and Intentional Infliction of Emotional Distress.**

Pinebrook argues, and Crowley does not respond, that the wrongful discharge claim cannot be pursued because it merely duplicates the other claims. Pinebrook is correct. *See Perry v. FTData, Inc.*, 198 F. Supp. 2d 699, 708 (D. Md. 2002); *Crosteen v. Kamauf,* 932 F. Supp. 676, 684 (D. Md. 1996); *Chappell v. Southern Maryland Hospital*, 320 Md. 483, 493 (1990). In

addition, Crowley concedes that the court should dismiss Count IV of her complaint. ECF No. 33 at 2. Accordingly, summary judgment will be granted on the counts alleging wrongful discharge and intentional infliction of emotional distress.

**C. Jury Systems Improvement Act.**

Crowley also claims that her termination violated the Jury Systems Improvement Act, 28 U.S.C. §1875. The Act states that "No employer shall discharge . . . any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States." Unlike Title VII, this statute requires Crowley to demonstrate that her jury service was the "but-for" cause of her termination.[2] *Gross v. FBL Financial Services, Inc.,* 129 S. Ct. 2343, 2350 (2009) (concluding that the ordinary meaning of a statute requiring that adverse action be taken "by reason of" a protected activity requires the employee to prove that the protected activity was the "but-for" cause of the adverse action). No "burden-shifting" analysis is performed; the burden in such a case never shifts to the employer, but is at all times on the employee, who must prove, by a preponderance of the evidence, that her jury service was not merely a motivating factor in her termination but rather was *the* reason for her termination. *Id.*

Crowley offers insufficient evidence to support a finding that her jury service was the but-for cause of her termination. Since Pinebrook paid her salary during her jury service, and even granted her a discretionary salary extension, ECF No. 31, Ex. 9, no inference could be drawn that Crowley's discharge was an attempt to reduce costs. Rather, she would have to show

---

[2] Crowley was a probationary employee during her entire tenure at Pinebrook, and thus may not be a "permanent" employee within the meaning of the statute. However, Pinebrook does not raise this as a defense and thus the court will not address it.

that Pinebrook fired her to retaliate for her use of jury service benefits. The only evidence she submits is the fact that she was terminated within a few days of returning from jury service.

Proximal timing of the termination and the protected activity can help rebut an employer's evidence of a legitimate reason for the termination, but as with the discrimination claims, the court need not consider Pinebrook's proffered reason for Crowley's termination absent evidence that it was because of her jury service. *See Williams v. District of Columbia,* 646 F. Supp. 2d 103, 108-09 (D. D.C. 2009) (finding the credibility of the employer's reason for the termination irrelevant in light of the lack of evidence that plaintiff's jury service was the but-for cause of the adverse employment action). In any event, proximal timing must be coupled with other evidence, which must be substantial where, as here, the employer has provided significant evidence of a legitimate reason for the termination.[3] *See Williams* v. *Cereberonics,* 871 F.2d 452 (4th Cir. 1989) (employer's knowledge that employee engaged in protected activity immediately before her termination is insufficient to counter substantial evidence of legitimate reasons for the termination)*; Pulley v. KPMG Consulting, Inc.*, 348 F. Supp. 2d 388, 397 (D. Md. 2004) (temporal proximity does not establish pretext in the face of a strong legitimate reason for the termination); *Glunt v. GES Exposition Services, Inc.,* 123 F. Supp. 2d 847, 867, 872 (D. Md. 2000) (holding that timing plus angry and cold remarks relating to the protected activity were sufficient); *see also Evans v. City of Houston*, 246 F.3d 344, 356 (5th Cir. 2001) (the "combination of suspicious timing with other significant evidence of pretext can be sufficient to

---

[3] Pinebrook's evidence is indeed substantial, and much of it is undisputed. Although Crowley denies that she had a three month period in which to complete a list of tasks, she does not dispute that she did not complete all of the tasks at any time prior to her termination. She notes that she did not receive a written job description, but none is required. She denies receiving the unfavorable Initial Performance Review, but her claim that it is fabricated is sheer speculation. And, as noted, she does not dispute that Pinebrook has a jury duty policy which provides employees with benefits and salary for up to 30 days of jury service, with management discretion to extend the salary beyond 30 days, ECF No. 31, Ex. 9, and that Pinebrook actually extended Crowley's salary under this policy.

survive summary judgment"). Crowley's exclusive reliance on timing is insufficient to show that she was terminated because of her jury service.

**IV.     Conclusion.**

For the foregoing reasons, Pinebrook's motion for summary judgment will be granted. Its request for costs and attorney's fees, unsupported by any factual or legal argument, is denied.


Date:  <u>December 1, 2010</u>                                         _____<u>  /S/</u>_____
                                                                                              JILLYN K. SCHULZE
                                                                                          United States Magistrate Judge